IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILHELMINA JORDAN, <br>     Plaintiff, <br><br> v. <br><br> EMORY HEALTHCARE, INC., <br>     Defendant. | ) <br> ) <br> ) <br> )   CIVIL ACTION NO.: _____ <br> ) <br> ) <br> ) <br> )   **JURY TRIAL DEMANDED** <br> ) |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Wilhelmina Jordan, by and through undersigned counsel, and hereby files this COMPLAINT AND JURY DEMAND against Defendant Emory Healthcare, Inc. (hereinafter Defendant) and shows the Court as follows:

1.     Ms. Jordan was an employee of Emory Healthcare, Inc. and brings this action against the Defendant for overtime compensation, lost wages, liquidated damages, attorney's fees, costs, interest and any other relief authorized under the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et. seq.* (hereinafter "FLSA") for losses suffered as a result of the Defendant's unlawful acts.

1

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, which confers original jurisdiction upon the District Court "of all civil actions arising under the constitution, laws, or treaties of the United States."  This action arises by way of the FLSA, a federal statute.

3.      The Supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 as it pertains to Ms. Jordan's Breach of Contract claim.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because the acts, events and omissions which violated the FLSA occurred primarily in the Northern District of Georgia.

5.       Defendant may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure by delivering the Summons and Complaint to its Registered Agent Jane E. Jordan at 201 Dowman Dr. 101 Adm Bldg. Atlanta, Georgia 30322.

<u>ENTERPRISE AND INDIVIDUAL COVERAGE UNDER THE FLSA</u>

6.     Defendant is an employer defined by 29 U.S.C. §203(d).

7.     At all times relevant to this lawsuit Defendant was an enterprise with over $500,000.00 per year in sales or business.

8.     Defendant is a medical company that owns and operates the Emory University Medical Center.

9.     As a part of her job, Ms. Jordan handled transactions with business that sold goods which moved in interstate commerce.  Ms. Jordan also made phone calls and sent letters to companies in other states.

10.    As part of her job Ms. Jordan would set up "freedom accounts" with client services, which was located in a state other than Georgia.

FACTS THAT GIVE RISE TO THE FLSA VIOLATION

11.    Ms. Jordan began working for Defendant in December of 1995 in Patient Services.

12.    In 2004 Ms. Jordan internally transferred to the Food and Nutrition Department, working in the retail sales Bakery.

13.   Defendant paid Ms. Jordan as an hourly employee and she was entitled to overtime benefits when she worked overtime.

14.   In August of 2013 Ms. Jordan was promoted to an "Acting" Assistant Manager position.  Prior to this promotion she was a supervisor.

15.   Along with the promotion was a .79 per hour pay raise.

16.   Defendant paid Ms. Jordan the raise for the first three months but then it was taken away.  Ms. Jordan was not paid the .79 per hour for the last six month she was in the position of Acting Assistant Bakery Manager.

17.   Defendant was contractually obligated to pay the raise amount.

18.   Even though her label was Assistant Manager, Defendant did not treat Ms. Jordan as a salaried employee; rather they continued to treat her as an hourly employee, requiring her to clock-in and out.

19.   However, after the promotion Ms. Jordan was expected to do all the normal duties she had as a supervisor, but also handle issues as they arose like a Manager would handle those issues.

20.    For example, on many occasions Ms. Jordan returned e-mails and answered phone calls after she had clocked out.  Ms. Jordan had to do this because there would often be problems with individuals who worked on the late shift.

21.    Ms. Jordan was the initial point of contact when there were problems with the bakery, whether these problems occurred during normal working hours, or after she had clocked out for the day.

22.    Ms. Jordan's supervisors understood she would work off the clock because she would copy them on e-mails and discuss the after-hours issues with them.

23.    None of her supervisors ever told Ms. Jordan she was entitled to overtime pay for the time she worked off the clock.

24.    In addition to the off the clock work, Defendant's time management system automatically docked a half hour from Ms. Jordan's  shift work because it assumed Ms. Jordan would take a half hour break every shift.

25.    However, Ms. Jordan was often required to work through the breaks she received during the day.

26.    No one ever explained to Ms. Jordan that when she worked

through a break, that the law required her to get paid for that work.

27.    On average Ms. Jordan worked 7-15 hours of overtime per week

without compensation.

28.    On or about July 18, 2014 the position of Assistant Bakery

Manager was rescinded and Ms. Jordan was terminated in November of

2014.

## COUNT I VIOLATION OF FALIR LABOR STANDARDS ACT OVERTIME REQUIREMENTS 29 U.S.C. §207(a)(1)

29.    Plaintiff reincorporates and readopts all allegations contained in

paragraphs one through twenty-eight above.

30.    Plaintiff was entitled to be paid time and one-half her regular rate

of pay for each hour worked in excess of forty (40) per work week.

31.     During her employment with Defendant, Plaintiff did not receive

full compensation for overtime hours worked.

32.    As a result of Defendant's intentional, willful and unlawful acts in

refusing to pay Plaintiff overtime compensation, Plaintiff has suffered

damages plus incurring reasonable attorneys' fees and costs.

33.    As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

## COUNT II
## BREACH OF CONTRACT

34.    Plaintiff reincorporates and readopts all allegations contained in paragraphs one through twenty-eight above.

35.    Ms. Jordan was promised a pay raise in return for her accepting the position of Assistant Bakery Manager.

36.    Ms. Jordan was given the raise for three months then it was taken away from her.

37.    Ms. Jordan was damaged as a result of the Defendant's decision not to pay her the promised pay raise.

38.    The conduct of Defendant constitutes those aggravating circumstances that entitle Ms. Jordan to recover punitive damages pursuant to O.C.G.A. §51-12-5.1

39.    The actions of Defendant constitute and are evidence of bad faith conduct in the series of events that gave rise to the cause of action, which entitle Ms. Jordan to recover all expenses of litigation, including reasonable attorney fees, as provided by O.C.G.A. §13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Jordan demands judgment against the Defendant for payment of all overtime hours at one and half the regular rate of pay, lost wages, liquidated damages, attorney's fees, costs, interest, and all further relief the Court or Jury determines to be just and appropriate.

## JURY DEMAND

Ms. Jordan requests a Jury Trial for all issues this Court deems appropriate for the jury.

Dated this 28TH day of January, 2015.

/s/ *Thomas C. Wooldridge*
Thomas C. Wooldridge
Georgia Bar No. 384108
Wooldridge and Jezek, LLP
1230 Peachtree Street NE
Suite 1900
Atlanta, GA 30309
Tel:  404.942.3300
Fax: 404.942.3302
Attorney for Plaintiff

8